James J. Crisona, J.
Motion by plaintiff (1) for an order striking out paragraph ‘1 First ’ ’ of the answer and the first separate defense as sham and frivolous and (2) for an order directing the Motor Vehicle Accident Indemnification Corporation (hereinafter called the corporation) to return to the plaintiff an envelope from the General Mutual Insurance Company postmarked November 12, 1959. The second branch of the motion is granted, there being no objection thereto.
Paragraph ‘1 First ’ ’ of the answer denies knowledge or information sufficient to form a belief as to the allegations of paragraphs “ First,” “ Second,” “ Third,” “ Tenth,” “ Eleventh,” “ Twelfth ” and “ Thirteenth ” of the complaint. "With respect to most of these paragraphs the corporation’s denial of knowledge or information cannot be said to be sham or frivolous. It would appear, however, that the corporation could give a more direct admission or denial with respect to paragraphs “ Second ” and “ Third ” of the complaint.
The first separate defense alleges that plaintiff has not complied with the provisions of article 17-a of the Insurance Law and has not timely served his notice of intention to make claim.
It is alleged in the moving affidavits, and not denied in the opposing affidavits, that plaintiff’s attorneys received notice of disclaimer from defendant’s insurance carrier on November 13, 1959, and plaintiff’s claim was filed with the corporation on *864 November 23, 1959, which was within the time required by subdivision c of section 608 of the Insurance Law.
The corporation contends, however, that if the defendant was uninsured the claim should have been made within 90 days from the date of the accident. The corporation does not affirmatively allege that defendant was uninsured. The concluding paragraph of section 608 of the Insurance Law provides a means whereby the corporation can ascertain whether or not defendant was insured. Since such means have been specifically made available to the corporation it should not neglect to utilize them. If, upon inquiry, it turns out that defendant was uninsured, defendant may so allege as a separate defense. The defense as presently pleaded is sham and must be stricken.
Plaintiff’s motion is granted to the extent of directing the corporation to return the envelope and to serve an amended answer specifically answering paragraphs “Second” and “Third” of the complaint and omitting the first separate defense unless the corporation affirmatively alleges that defendant was uninsured. Said answer may be served within 30 days after service of a copy of the order hereon. This should give the corporation sufficient time to ascertain whether the defendant was insured or not. Settle order.